## Erie Gas Company *versus* Haverstick.

1. A. contracted to convey land to B., who paid the whole purchase-money. A. having failed to convey at the time agreed, B. sued him in covenant. On the trial A. tendered and filed a deed, and B. recovered damages. After verdict, the court directed the deed to be delivered to B., and the damages were received by him. On ejectment by A. against B. for the land, alleging the first action rescinded the contract, it was *held* that evidence of what occurred at the trial of the action of covenant was admissible to show that the question of rescission was not then before the court, but only a question of damages for delay.

2. Haverstick *v.* Erie Gas Co., 5 Casey 254, remarked on.

October 22d 1867. Before THOMPSON, STRONG, READ and AGNEW, JJ. WOODWARD, C. J., absent.

Error to the Court of Common Pleas of *Erie county*, No. 25, to October and November Term 1867.

In the court below, this was an action of ejectment, brought August 15th 1865, by the Erie Gas Company against Henry B. Haverstick, for lot No. 1904, in the city of Erie.

The lot had belonged to Benjamin Tomlinson, from whom the company purchased it, and on the 25th of July 1853, not having then received a deed from Tomlinson, they sold it to Haverstick, by articles of agreement, for $1500—all of which he then paid. By the agreement they were to deliver to him a deed clear of all encumbrances, on or before the 1st day of the next November.

On the 16th of March 1855, Tomlinson delivered to the company a deed for the lot, and took from them a mortgage upon it and other lots to secure the payment of $6700.

The company having failed to make a deed according to their agreement, Haverstick brought an action of covenant against them on the 22d day of January 1856, declaring on the articles of agreement, and alleging performance on his part. He assigned for breach, that the company had neglected to convey the land to him according to the articles, and laid his damages at $3000. The company pleaded "covenants performed with leave," &c.

The company on the 2d of February 1856 tendered a deed to

[Erie Gas Co. *v.* Haverstick.]

Haverstick, with a release of Tomlinson's mortgage and costs, which Haverstick declined to receive. The company brought them into court, and tendered them at the time of trial.

On this trial a verdict was found for Haverstick for $25.06, after which the court ordered and directed, " that the deed from the Erie Gas Company to plaintiff and a release from B. Tomlinson to the same, be filed subject to the further order of the court."

Haverstick removed the case to the Supreme Court (Haverstick *v.* Erie Gas Co., 5 Casey 254), and the judgment was reversed. After the case came back Haverstick filed an amended declaration, setting out breaches substantially as in the original declaration, and concluding : " and the said plaintiff brings this action in rescission of the said articles of agreement, and claims to recover back from the said defendant the said sum of $1500, so paid the said defendant with the lawful interest thereon, which said sum of $1500 with its interest, the said defendant hath hitherto wholly neglected and refused to pay the said plaintiff, and to recover which he brings this suit."

There was a verdict for Haverstick in the next trial, March 16th 1858, for $250.11. The record shows the following entry : " Same day the court granted leave to the plaintiff to take the deed and release filed, out of court, to which order the defendant excepts, and protests that, the plaintiff having recovered a verdict in disaffirmance of the contract, has now no right to the conveyance of the property therein described."

Haverstick received the whole amount of the judgment, interest and costs. He took possession of the lot, and the company brought this action to recover possession, on the ground that his action being in rescission of the contract, and he having recovered a verdict and received full satisfaction of the amount recovered, the title to the land reverted to the company.

On the trial of this action before Johnson, P. J., the company showed their deed from Tomlinson, and service of the writ on Haverstick, and rested.

Haverstick then gave in evidence the deed from the company to him, which had been filed in the former trial, and taken out of court by him under the order of the court, and rested.

The company then gave in evidence the record of the above-mentioned suit, and rested.

Haverstick then under objection and exception gave the following evidence, as certified by Judge Johnson :—

J. W. Douglas : " I was present when the deed from plaintiffs to defendant was tendered, and some other papers and some money ; it was made February 2d 1856. A release of a mortgage and costs of a suit were also tendered.

" I was also present at the last trial of the case of Haverstick

[Erie Gas Co. *v.* Haverstick.]

*v.* The Gas Company. I think the charge of the court was in accordance with the rule laid down by the Supreme Court, that plaintiff was only entitled to damages for neglect of making deed; that he had not a right to rescind the contract—only to receive interest on the money paid."

"F. F. Marshall: "I was present at the former trial of Haverstick *v.* The Gas Company, and took notes of the same. I recollect the evidence. Plaintiff gave in evidence the contract. Defendant called witness to show the tender of deed, &c., and that there had been but few lots sold there lately. The deed from Tomlinson to them was shown—then proved by Mr. Douglas the tender of deed to plaintiff, also release of mortgage-lien. This was done February 2d 1856—release of mortgage and deed were offered in mitigation of damages. Defendant then showed who paid the taxes in 1855 and 1856, and proved the lot not to have been saleable property. Haverstick wanted me to sell it. Lots in that section were not ready sale.

"The charge of the court was that in no event could the plaintiff recover back the purchase-money, but only damages—interest on the purchase-money, less the value of Haverstick's occupancy of the lot in the mean time."

There was a verdict in this case for the defendant.

The plaintiffs removed the case to the Supreme Court, and assigned for error the admission of the foregoing evidence.

*B. Grant*, for plaintiffs in error, cited Kay *v.* Fredrigal, 3 Barr 221; Butler *v.* Slam, 14 Wright 456; Markham *v.* Middleton, 2 Strange 1259; Hess *v.* Heeble, 6 S. & R. 61; Hyndes' Case, 4 Rep. 70; Croft *v.* Steele, 6 Watts 373; Carmony *v.* Hoober, 5 Barr 309; Converse *v.* Colton, 13 Wright 351; Logan *v.* Caffrey, 6 Casey 196; Campbell *v.* Butts, 3 Coms. 174; Smith *v.* Warden, 7 Harris 430; Warden *v.* Eichbaum, 3 Grant 43; Rawle Cov. for Title, 75–78, 83, 84; Erwin *v.* Myers, 3 Luzerne Leg. J. 33; Parker *v.* Brown, 15 N. H. 188; Hamilton *v.* Elliott, 4 Id. 782; Johnson *v.* Simpson, 36 Id. 96; Stinson *v.* Sumner, 9 Mass. 150; Porter *v.* Hill, Id. 36; Foss *v.* Stickney, 5 Greenl. 392; Boardman *v.* Dean, 10 Casey 252; Cook *v.* Grant, 16 S. & R. 208; Huber *v.* Burke, 11 Id. 239; Stevenson *v.* Kleppinger, 5 Watts 420; 2 Story's Equity, § 742.

*J. C. Marshall*, for defendant in error, cited Haverstick *v.* Erie Gas Co., 5 Casey 254; Cook *v.* Grant, 16 S. & R. 208; Huber *v.* Burke, 11 Id. 239; Stephens *v.* Kleppinger, 5 Watts 420; Rawle on Cov. for Title, 83, 84; Hess *v.* Heeble, 6 S. & R. 61; Story's Eq. Jur., § 742; Kane *v.* Fisher, 2 Watts 246; Carmony *v.* Hoober, 5 Barr 305; Snider *v.* Croy, 2 Johns. 227; Phillips *v.* Beach, 16 Johns. 136; Sterner *v.* Gower, 3 W. & S.

143; Wilson v. Hamilton, 9 S. & R. 424; Craft v. Steel, 6 Watts 373; Converse v. Colton, 13 Wright 346; Butler v. Slam, 14 Id. 456.

The opinion of the court was delivered, October 25th 1867, by

READ, J.—The Erie Gas Company sold to the defendant on the 25th of July 1853, lot No. 1904, for the sum of $1500, paid at the time of the purchase; and covenanted to make and deliver to him a good and sufficient conveyance of said lot in fee simple, clear of all encumbrance, on or before the 1st day of November 1853. This they failed to do, and on the 22d January 1856, the defendant brought his action of covenant for this breach of the covenant. The case was tried on the 30th September 1857, and resulted in a verdict for plaintiff for $25.06. Before this trial, but after the commencement of the suit, the defendants obtained a clear title to the lot, and made and tendered a deed to plaintiff together with the costs of suit, which he refused to accept, and defendants brought the deed and a release into court, and tendered them on the trial, and after verdict the court ordered and directed that "the deed from the Erie Gas Company to plaintiff, and a release from B. Tomlinson to the same, be filed subject to the further order of the court."

Upon a writ of error to the Supreme Court taken by Haverstick, the judgment was reversed for misdirection, and the principles upon which the case was to be re-tried were fully explained by the court, as will appear by the report in 5 Casey 254. "In strict law this covenant," says Judge Lowrie, "was broken by the defendants' failure to deliver the deed at the time therein specified, and then the plaintiff had a right to recover back his money paid and damages. It is equity that intervenes, and allows the defendants still to perform their covenant *on payment of compensation for their negligence*, and declares that the time of the performance ought to be regarded as immaterial, when there has been no serious change of circumstances affecting the contract, and when the party complaining of the neglect has not seriously urged the performance.

"The *principle* has been well applied in this case, but there was an error in the mode of settling the compensation. The plaintiff having bought the land and paid for it, was primâ facie entitled to compensation, at least equal to the interest on his payment, from the date of the defendants' failure until the tender of performance, when it lay upon the defendants to show to the satisfaction of the jury, that the plaintiff has not suffered that amount of damage, and that that would be more than compensation. In forming this judgment, the jury will have to know what diligence and negligence there was on both sides, and what advantages and disadvantages the delay may have occasioned."

[Erie Gas Co. *v.* Haverstick.]

As the court therefore clearly held that the tender of the deed was performance, and as the deed was in the possession of the court, and entirely subject to their control, it, left but one question to be settled by the jury, and that was the amount of damages upon the principles declared by the court, and no other question could be tried in the court below. A very badly drawn statement of damages had been added after the cause was sent back, which, taken in the sense imputed to it, could not have been tried under the decision of the Supreme Court, which could only be carried out by delivering the deed and release to the plaintiff, and assessing the damages for the delay in the performance of the contract; and this was actually done by the verdict of the jury, and the order of the court granting leave to the plaintiff to take the deed and release filed out of court.

Here this controversy should have ended, but the Gas Company commenced this action of ejectment against Haverstick to recover the lot No. 1904, which they had conveyed to him, and on the trial traced the title unto themselves, and stopped: then Haverstick produced their deed to him, and the Gas Company produced the record of the former suit, showing the verdict in that suit for $250.11, and claimed that to be for the whole amount recovered by Haverstick upon a rescission of the contract, and that, therefore, their deed to him was a nullity. Now, it is clear that under the instructions and ruling of the Supreme Court, this question could not have been tried or submitted to the jury, and the verdict shows it to have been merely the question of the damages for the delay of the performance that was before the court, or was passed upon by the jury. We are therefore of opinion that this verdict and judgment could not destroy their deed, and was no evidence that the title they had passed to Haverstick was reinvested in them.

But in order to make it perfectly clear that the former recovery was for damages for delay only, the defendant offered evidence of what passed on the trial, showing conclusively that this was the only issue before the jury.

This is clearly admissible for the purpose of showing that the question of rescission was not before the court or jury, but only the question of damages for delay as directed by this court.

The court below reached the real justice of the case, for it would be monstrous to suppose a recovery of $250 could return to his grantor property for which he had paid $1500 several years before.

                                        Judgment affirmed.